UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICKY L. BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:09CV171 SNLJ |
| | ) | |
| UNITED CONVEYOR CORPORATION, | ) | |
| ASSOCIATED ELECTRIC | ) | |
| COOPERATIVE, INC., WILLIAM L. | ) | |
| BROWN, and POLAR CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This personal injury case is before the Court on plaintiff's motion to remand (#14), filed December 21, 2009. Defendant United Conveyor Corporation filed a memorandum in opposition (#15) on January 6, 2009, and plaintiff did not file a reply.

This cause of action was originally filed on October 30, 2009, in the Circuit Court of New Madrid County, Missouri, and was subsequently removed by defendant United Conveyor Corporation (UCC) to this court on December 3, 2009 pursuant to Federal Rule of Civil Procedure 81(c) and 28 U.S.C. §§ 1332, 1441 and 1446. Although it appears that there is a lack of diversity between plaintiff and two of the defendants, Associated Electric Cooperative (AEC) and William Brown, both Missouri citizens, UCC argues that removal was proper because plaintiff fraudulently joined the two Missouri defendants in order to avoid diversity jurisdiction and remain in Missouri state court.

According to plaintiff's petition, plaintiff was an employee of AEC whose job required him to maneuver a chute to load fly ash by-product from AEC's coal-burning power generator onto a tanker truck for off-site disposal. Fly ash by-product is combustible, and prior to

plaintiff's injury on October 31, 2004, the fly ash collection system, manufactured by UCC, began to malfunction, leading to periodic explosions. Although AEC and plaintiff's supervisor, William Brown, were aware that the fly ash collecting system was producing periodic combustion, Brown "[n]evertheless . . . specifically instructed [plaintiff] to place himself in the zone of danger where combustion occurred." On October 31, 2004, an explosion occurred while plaintiff was working with the collecting system, knocking him from the tanker truck where he was standing and causing him to suffer from various injuries leading to permanent disability. In his petition plaintiff brings five counts of negligence and strict product liability against each of the defendants.

The Court must now consider whether it has subject matter jurisdiction over this suit, the absence of which will necessitate remand to state court. In that regard, a defendant may remove a state law claim to federal court only if the action could have been originally filed there. *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005). Under 28 U.S.C. § 1332, diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). A plaintiff may move to remand the case to state court, and the case must be remanded, if it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). All doubts about federal jurisdiction should be resolved in favor of remand to state court. *Wilkinson v. Shackelford*, 478 F.3d 957, 9632 (8th Cir. 2007).

As noted, defendant UCC contends that removal was proper because plaintiff fraudulently joined defendants AEC and Brown, both of whom are Missouri citizens, and that without this joinder there would have been complete diversity of citizenship among the defendants. Courts have long recognized fraudulent joinder as an exception to the complete diversity rule. *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007). Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). When determining whether a party has been fraudulently joined, the court must consider whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant. *Wilkinson*, 478 F.3d at 964.

Defendant UCC argues that plaintiff has not stated a reasonable basis for recovery under Missouri law. Specifically, UCC contends that as plaintiff's employer, AEC is immune to suit because the Missouri Workers' Compensation Law (MWCL) provides the exclusive remedy against employers for injuries covered by its provisions. The pertinent part of the statute states that "[e]very employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of the employee's employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person." Section 287.120.1, RSMo 2000. Furthermore, UCC contends that defendant Brown is also fraudulently joined, because as a co-worker, he is also immune from suit under the MWCL, which provides the exclusive remedy in those types of claims as well.

Plaintiff argues in response that there is a reasonable basis in law to support a claim against defendant Brown, if not against AEC. There are limited circumstances under Missouri

3

law when co-employees can be held liable for negligent acts, notwithstanding MWCL claim preemption. Unlike the explicit preemption of actions against employers, "[t]he exclusivity provisions of section 287.120 do not explicitly bar actions against fellow employees," although in practice, "Missouri courts have interpreted that provision to extend the scope of immunity from liability to fellow employees, except in certain limited situations." *Burns v. Smith*, 214 S.W.3d 335, 337 (Mo.banc 2007). In particular, "an employee may sue a fellow employee for affirmative negligent acts outside the scope of an employer's responsibility to provide a safe workplace." *Id*. at 338 (quoting *State ex rel. Taylor v. Wallace*, 73 S.W.3d 620 (Mo.banc 2002). Sometimes called the "something more" test, the negligent act must be an "affirmative act that creates additional danger beyond that normally faced in the job-specific work environment." *Id*. However, the independent duty to the injured co-employee cannot "arise from a mere failure to correct an unsafe condition and must be *separate and apart* from the employer's non-delegable duty to provide a safe workplace." *Id*. (emphasis added). An affirmative act will be actionable, though, where an employee "directs a co-employee to encounter a hazard" that constitutes an "additional danger beyond that normally faced in the job-specific work environment." *Id*.

According to the facts alleged in plaintiff's petition, the fly ash collection system produced periodic explosions prior to the day the plaintiff's injury occured, and both defendants AEC and Brown were aware of this combustion problem. Despite their knowledge of the periodic combustion and its attendant potential for injury, defendant Brown is alleged to have "specifically instructed [plaintiff] to place himself in the zone of danger where combustion occurred." There is at least a reasonable basis for a Missouri state court to find that Brown's direction of plaintiff to encounter this known hazard was an additional danger beyond that normally faced in plaintiff's job-specific workplace. This was an affirmative act that satisfies the

4

"something more" test and thus falls within the narrow co-employee exception to MWCL claim preemption.

Defendant UCC argues that the "something more" exception applies "only to exceptional cases," and does not apply to theories of "failure to warn" or cases where the employee was simply required to do his or her regular job functions pursuant to an "order" by a supervisor. However, this Court is not convinced that the facts in this case involved an employee carrying out his regular job functions; there is at least a reasonable basis for finding that defendant Brown's direction of plaintiff to encounter the hazard constituted "something more." Bearing in mind that any reasonable basis of fact or law that can support a claim against a Missouri citizen is sufficient to destroy diversity jurisdiction, and that all doubts about federal jurisdiction should be resolved in favor of remand, it is clear that this Court must remand this suit back to state court. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (#10) is **GRANTED**.

Dated this __2nd__ day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE